**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Matthew T. Theriault (SBN 244037)
*mtheriault@clarksonlawfirm.com*
Lauren E. Anderson (SBN 329173)
*landerson@clarksonlawfirm.com*
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

**MOON LAW APC**
Christopher D. Moon (SBN 246622)
*chris@moonlawapc.com*
Kevin O. Moon (SBN 246792)
*kevin@moonlawapc.com*
228 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
Tel: (415) 730-0387
Fax: (650) 618-0478

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP WHITE, individually and on behalf of all others similarly situated, | Case No.: 5:20-cv-04048-SVK |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Phillip White ("Plaintiff"), individually and on behalf of all others similarly situated, as more fully described herein (the "Class" and "Class Members"), brings this class action against Defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC ("Defendant"), and alleges as follows:

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## NATURE OF THE ACTION

1.    In recent years, consumers have poured billions of dollars into the "natural" products market. In fact, "[s]ales growth in natural products is outpacing the total food and beverage retail market," with "natural products reach[ing] $47.2 billion in dollar volume for the year ending May 2019."[1]  In addition, dollar sales for natural products grew as much as 78% over last year.[2]

2.    As a result, companies have scrambled to manufacture and sell "natural" products in an effort to gain market share. Unfortunately, rather than creating the products consumers desire, Defendant has chosen instead to "greenwash" its products through deceptive labeling in order to convince consumers the products are "natural" when, in reality, they are not.

3.    The purported "natural" products at issue are Benefiber Original 100% Natural Fiber Supplement and Benefiber Healthy Shape 100% Natural Fiber Supplement (collectively, "Products").



---

[1] *Report: Natural Products Growth Outpaces Total Food and Beverage*, GROCERY DIVE, Sept. 19, 2019, https://www.grocerydive.com/news/report-natural-products-growth-outpaces-total-food-and-beverage/562353/ (last visited August 27, 2020).
[2] *Natural Product Sales Up Significantly Compared to Last Year*, NEW HOPE, June 4, 2020, https://www.newhope.com/market-data-and-analysis/natural-product-sales-significantly-compared-last-year (last visited August 27, 2020).

FIRST AMENDED CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

4.     Defendant manufactures, markets, advertises, labels, and sells the Products throughout California.

5.     Contrary to the Products' labeling and advertising, and as explained in detail below, the purportedly "100% Natural" Products are created using a multi-step chemical process that fundamentally alters the "natural" source ingredient into a non-natural, synthetic ingredient, of which the Products are comprised.

6.     Through falsely, misleadingly, and deceptively labeling the Products, Defendant sought to take advantage of consumers' desire for natural food products. Yet Defendant has done so at the expense of unwitting consumers, as well as Defendant's lawfully acting competitors, over whom Defendant maintains an unfair competitive advantage.

7.     As a result, Plaintiff brings this action individually and on behalf of those similarly situated, and seeks to represent a California Class (defined *infra*).  Plaintiff seeks damages, interest thereon, reasonable attorneys' fees and costs, restitution, other equitable relief, and disgorgement of all benefits Defendant has enjoyed from its conduct. In addition, Plaintiff seeks injunctive relief to stop Defendant's unlawful conduct in the false, deceptive, and misleading labeling and marketing of the Products. Plaintiff makes these allegations based on his personal knowledge and, otherwise, on information and belief based on investigation of his counsel.

8.     Plaintiff's primary litigation objective is to enjoin Defendant's unlawful false labeling practices and to obtain restitution for the Class.

## **JURISDICTION**

9.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## VENUE

10.   Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. In addition, Plaintiff purchased the unlawful Product in this District, and Defendant has marketed, advertised, and sold the Products within this District.

## PARTIES

**A.   Plaintiff**

11.   Plaintiff Phillip White, who is currently a resident of Santa Clara, California, purchased the Benefiber Prebiotic Fiber Supplement at a Target store in or near Santa Clara, California for approximately $12 in January 2020. The labeling of the Product purchased by Plaintiff is typical of the labeling of the Products purchased by members of the Class.  In making his purchase, Plaintiff relied upon the claims made on the Product's advertising and label. The claims were prepared and approved by Defendant and its agents and disseminated statewide, as well as designed to encourage consumers to purchase the Product. If Plaintiff had known that the Product was not "100% Natural" he would not have purchased the Product or would have purchased it on different terms.

**B.   Defendant**

12.   Defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC is a Delaware corporation with its principal place of business in Warren, New Jersey.

13.   Defendant and its agents promoted, marketed and sold the Products at issue in this jurisdiction and in this judicial district. The unfair, unlawful, deceptive, and misleading advertising and labeling of the Products were prepared and/or approved by Defendant and its agents, and were disseminated by Defendant and its agents through labeling and advertising containing the misrepresentations alleged herein.

## FACTUAL ALLEGATIONS

14.   Defendant manufactures, markets, promotes, advertises, and  sells  a

4

variety of dietary fiber products under the "Benefiber" brand name. Defendant claims its dietary fiber products "support good digestive health" by "[s]trenghten[ing] your existing healthy gut bacteria to help optimize gut health."[3]

15.   In an effort to convince consumers that certain of its products are "natural," Defendant prominently and uniformly labels the Products as "100% Natural." In fact, Defendant places the "100% Natural" claim on the top center portion of the Products' label.[4] In addition, Defendant reinforces a consumer's understanding that the Products are "natural" using various natured-themed imagery. For example, the "100% Natural" claim is framed by a plant stem and leaves. Further, the Products' labeling uses various shades of green as its coloring scheme.

16.   The following are images of the Products:

///
///
///
///
///
///
///
///
///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

---

[3] Claims are taken from Defendant's official website: https://www.benefiber.com/ (last visited August 27, 2020).

[4] Defendant also claims on its website that "Benefiber® contains a 100% natural prebiotic fiber that fits into any lifestyle." *See* https://www.benefiber.com/about/ (last visited August 27, 2020). And "Benefiber is a 100 percent natural prebiotic fiber[.]". *See* https://www.benefiber.com/amp/what-are-probiotics-benefits.html#disclaimer1 (last visited August 27, 2020). Similarly, Defendant states on its website: "Think all fiber supplements are equal? Think again. Benefiber products are . . . "100% natural." *See* https://www.benefiber.com/fiber-in-your-life/daily-fiber-intake/the-benefiber-difference/ (last visited August 27, 2020).

5



FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069



FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069



FIRST AMENDED CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

17.   Despite labeling the Products as "100% Natural," the Products' only listed ingredient is "wheat dextrin," which is a non-natural, synthetic ingredient.

18.   Wheat dextrin is created from wheat starch, which is the processed endosperm of the wheat grain.

19.   The processing of wheat starch to yield wheat dextrin involves a multi-step process that utilizes hydrochloric acid, added enzymes and a tailored, highly controlled method, which selects for biological properties that resist digestion, increases fiber content, enhances solubility, lowers viscosity and adds sweetness to the product marketed to consumers.[5]

20.   This process transforms the digestible, 0% fiber wheat starch ingredient into the non-digestible, 85% fiber wheat dextrin ingredient touted to consumers.[6] In short, the "natural" source ingredient—wheat grain—is substantially chemically processed and altered to become the non-natural, synthetic ingredient wheat dextrin. Therefore, the Products are not "100% Natural."

21.   The National Advertising Division ("NAD") agrees.[7] The NAD is an investigative unit of the advertising industry system of self-regulation and is administered by the Council of Better Business Bureau.[8] The NAD "was founded in 1971 as a unique industry-created forum to examine the truth and accuracy of advertising claims made in national advertising."[9]

22.   The Proctor & Gamble Company, which makes a competing product,

---

[5] *NAD Recommends GlaxoSmithKline Discontinue Benefiber Claims of "100% Natural," Satiety, and Curbing Cravings; Advertiser to Appeal*, BETTER BUSINESS BUREAU, May 16, 2020, https://bbbprograms.org/media-center/decisions-details/nad-recommends-glaxosmithkline-discontinue-benefiber-claims-of-100-natural-satiety-and-curbing-cravings-advertiser-to-appeal (last visited August 27, 2020).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] https://www.aaaa.org/new-leader-join-national-advertising-division-critical-ad-industry-self-regulation-program/ (last visited August 27, 2020).

FIRST AMENDED CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    challenged the veracity of the Products' "100% Natural" claims in a proceeding

2    before the NAD.[10]

3        23.   In response, the NAD, "carefully reviewed the evidence and arguments

4    . . . and determined that the processing of wheat starch to yield the wheat dextrin

5    found in Benefiber represents a ***significant alteration of the source ingredient that***

6    ***is inconsistent with a consumer's reasonable understanding of a product that***

7    ***claims to be "100% natural,"*** and recommended that the claim be discontinued."[11]

8        24.   7 U.S.C. § 6502 defines the term "synthetic" as "a substance that is

9    formulated or manufactured by a chemical process or by a process that chemically

10   changes a substance extracted from naturally occurring plant, animal, or mineral

11   sources, except that such term shall not apply to substances created by  naturally

12   occurring biological processes."

13       25.   Furthermore, Merriam-Webster defines "natural" as "existing in or

14   produced by nature: not artificial," and "not having any extra substances or chemicals

15   added: not containing anything artificial."

16       26.   In addition, the FTC has cautioned that "[m]arketers that are using terms

17   such as natural must ensure that they can substantiate whatever claims they are

18   conveying to reasonable consumers. If reasonable consumers could interpret a

19   natural claim as representing that a product contains no artificial ingredients, then the

20   marketer must be able to substantiate that fact." Guides for the Use of Environmental

21   Marketing Claims, 75 FR 63552-01, 63586 (Oct. 15, 2010).

22       27.   No reasonable definition of "natural" includes ingredients that, even if

23   sourced from "nature," are subject to extensive, transformative processing before

---

[10] *NAD Recommends GlaxoSmithKline Discontinue Benefiber Claims of "100% Natural," Satiety, and Curbing Cravings; Advertiser to Appeal*, BETTER BUSINESS BUREAU, May 16, 2020, https://bbbprograms.org/media-center/decisions-details/nad-recommends-glaxosmithkline-discontinue-benefiber-claims-of-100-natural-satiety-and-curbing-cravings-advertiser-to-appeal (last visited August 27, 2020).

[11] *Id.* (emphasis added)

FIRST AMENDED CLASS ACTION COMPLAINT

their inclusion in a product.

28. The Products' "100% Natural" representations cause reasonable consumers, including Plaintiff, to believe the Products do not contain non-natural, synthetic, artificial, and/or highly processed ingredients.

29. Consumers have become increasingly concerned about the effects of synthetic ingredients in products. Indeed, consumers, including Plaintiff, are willing to pay, and have paid, a premium for products advertised, marketed, and labeled as being "natural" over products containing non-natural, synthetic ingredients.

30. Defendant materially misled and failed to adequately inform consumers, including Plaintiff, that the Products contain non-natural, synthetic, artificial, and/or highly processed ingredients.

31. Based on Defendant's uniform material misrepresentations and omissions, consumers have purchased the Products to their detriment.

## C. **Plaintiff Purchased the Misleading and Deceptive Products**

32. As described *supra*, Plaintiff purchased the Benefiber Prebiotic Fiber Supplement Product.

33. The "100% Natural" representations were and are material to reasonable consumers, including Plaintiff, in making purchasing decisions.

34. Plaintiff relied on Defendant's misrepresentations, described herein, in making the decision to purchase the Product.

35. At the time Plaintiff purchased the Product, Plaintiff did not know, and had no reason to know, that the Product's labeling and advertising were false, misleading, deceptive, and unlawful as set forth herein.

36. Defendant materially misled and failed to adequately inform reasonable consumers, including Plaintiff, that the Products contained non-natural, synthetic, artificial, and/or highly processed ingredients.

37. Plaintiff would not have purchased the Product, or would have purchased it on different terms, if he had known the truth. Accordingly, based on Defendant's

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

material misrepresentations and omissions, reasonable consumers, including Plaintiff, purchased the Products to their detriment.

38. Plaintiff would like to purchase the Products in the future if they were properly labeled, and/or the ingredients complied with the labeling and advertising statements. Specifically, Plaintiff would consider purchasing the Products again if the Products did not contain non-natural, synthetic, artificial, and/or highly processed ingredients.

## **CLASS ACTION ALLEGATIONS**

39. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and all others similarly situated, and as members of the Classes defined as follows:

> All residents of California who, between June 17, 2016 and the present, purchased the Products (the "Class").

40. Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

41. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

42. This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

43. **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of thousands of purchasers (if not more) dispersed throughout the State of California.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1
2

Accordingly, it would be impracticable to join all members of the Class before the Court.

3

44.  **Common Questions Predominate:** There are numerous and substantial

4

questions of law or fact common to all members of the Class that predominate over

5

any individual issues. Included within the common questions of law or fact are:

6

a.  Whether Defendant engaged in unlawful, unfair or deceptive business

7

practices by advertising and selling the Products;

8

b.  Whether Defendant's conduct constitutes an unfair method of

9

competition, or unfair or deceptive act or practice, in violation of Civil

10

Code section 1750, *et seq*.;

11

c.  Whether Defendant used deceptive representations in connection with the

12

sale of the Products in violation of Civil Code section 1750, *et seq*.;

13

d.  Whether Defendant represented that the Products have characteristics or

14

quantities that they do not have in violation of Civil Code section 1750,

15

*et seq*.;

16

e.  Whether Defendant advertised the Products with intent not to sell them as

17

advertised in violation of Civil Code section 1750, *et seq*.;

18

f.  Whether Defendant's labeling and advertising of the Products are untrue

19

or misleading in violation of Business and Professions Code section

20

17500, *et seq*.;

21

g.  Whether Defendant knew or by the exercise of reasonable care should

22

have known its labeling and advertising was and is untrue or misleading

23

in violation of Business and Professions Code section 17500, *et seq*.;

24

h.  Whether Defendant's conduct is an unfair business practice within the

25

meaning of Business and Professions Code section 17200, *et seq*.;

26

i.  Whether Defendant's conduct is a fraudulent business practice within the

27

meaning of Business and Professions Code section 17200, *et seq*.;

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

FIRST AMENDED CLASS ACTION COMPLAINT

j.   Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

k.   Whether Defendant's conduct constitutes breach of express warranty;

l.   Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

m.   Whether Plaintiff and the Class have sustained damages as a result of Defendant's unlawful conduct;

n.   The proper measure of damages sustained by Plaintiff and Class Members; and

o.   Whether Defendant was unjustly enriched by its unlawful conduct.

45.   **Typicality**:   Plaintiff's claims are typical of the claims of the Class Members he seeks to represent because Plaintiff, like the Class Members, purchased Defendant's misleading and deceptive Product. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

46.   **Adequacy**: Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect Class Members' interests and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

47.   **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of

adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a.    The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

    b.    Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c.    Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d.    When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

    e.    This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

48.    Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

49.    The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

50.    Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## COUNT I

### Unfair and Unlawful Business Acts and Practices

### (Business and Professions Code § 17200, *et seq.*)

51.    Plaintiff re-alleges and incorporates by reference all allegations contained in the complaint, as though fully set forth herein.

52.    Plaintiff brings this claim individually and on behalf of the Class.

53.    Defendant's conduct constitutes an unfair business act and practice pursuant to California Business & Professions Code § 17200, *et seq.* (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising[.]"

54.    Plaintiff brings this claim seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

55.    Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

56.    Defendant's conduct was and continues to be unfair and fraudulent because, directly or through its agents and employees, Defendant made uniform materially false representations and omissions, as described more fully *supra*. Defendant was and is aware that the representations and omissions it has made about the Products were and continue to be false and misleading.

57.    Defendant had an improper motive—to derive financial gain at the expense of accuracy or truthfulness—in its practices related to the labeling and advertising of the Products.

58.    There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

59. Defendant's misrepresentations of material facts, as set forth herein, also constitute an "unlawful" practice because they violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

60. Defendant's conduct in making the representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

61. In addition, Defendant's conduct was, and continues to be, unfair, in that its injury to countless purchasers of the Products is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

62. Moreover, Plaintiff and members of the Class could not have reasonably avoided such injury. Defendant's uniform, material representations and omissions regarding the Products was likely to deceive, and Defendant knew or should have known that its representations and omissions were untrue and misleading. Plaintiff purchased the Products in reliance on the representations made by Defendant, as alleged herein.

63. Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products that lacked the characteristics advertised, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Class members.

64. As a result of the business acts and practices described above, Plaintiff and members of the Class, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any

person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

65.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT II

### Deceptive Advertising Practices

### (California Business & Professions Code §§ 17500, *et seq.*)

66.    Plaintiff re-alleges and incorporates by reference all allegations contained in the complaint, as though fully set forth herein.

67.    Plaintiff brings this claim individually and on behalf of the Class.

68.    California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising[.]"

69.    Defendant violated § 17500 when it represented, through its false and misleading advertising and other express representations, that Defendant's Products possessed characteristics and value that they did not actually have.

70.    Defendant's deceptive practices were specifically designed to induce reasonable consumers like Plaintiff to purchase the Products. Defendant's uniform, material representations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its uniform representations and omissions were untrue and misleading. Plaintiff purchased the Products in reliance on the representations made by Defendant, as alleged herein.

71.    Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products that lacked the characteristics advertised, interest lost on those monies, and consumers' unwitting support of a business enterprise that

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

promotes deception and undue greed to the detriment of consumers, such as Plaintiff and the Class members.

72.   The above acts of Defendant, in disseminating materially misleading and deceptive representations and statements throughout California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers in violation of § 17500.

73.   In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of § 17500.

74.   Defendant continues to engage in unlawful, unfair and deceptive practices in violation of §17500.

75.   As a direct and proximate result of Defendant's unlawful conduct in violation of § 17500, Plaintiff and members of the Class, pursuant to § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and requiring Defendant to disclose the true nature of their misrepresentations.

76.   Plaintiff and members of the Class also request an order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interests and attorneys' fees.

## COUNT III

### Consumers Legal Remedies Act

### (Cal. Civ. Code § 1750, *et seq.*)

77.   Plaintiff re-alleges and incorporates by reference all of the allegations contained in the complaint, as though fully set forth herein.

78.   Plaintiff brings this claim individually and on behalf of the Class.

79.   Plaintiff brings this action pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

80.   The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

81.   The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

82.   Defendant is a "person," as defined by the CLRA in California Civil Code §1761(c).

83.   Plaintiff and members of the Class are "consumers," as defined by the CLRA in California Civil Code §1761(d).

84.   Purchase of the Products by Plaintiff and members of the Class are "transactions," as defined by the CLRA in California Civil Code §1761(e).

85.   Defendant violated Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have" in that the Products are falsely labeled and advertised as being, among other things, natural. Defendant knew that consumers will often pay more for products with this attribute and have unfairly profited from its false and misleading claims.

86.   Similarly, Defendant violated section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . if they are of another" by falsely and deceptively labeling and advertising the Products as, among other things, being natural.

87.   In addition, Defendant violated section 1770(a)(9) by advertising the Products "with intent not to sell them as advertised" in that the Products are falsely labeled and advertised as, among other things, being "100% Natural."

88.   Defendant's uniform and material representations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its representations and omissions were untrue and misleading.

89.   Plaintiff and members of the Class could not have reasonably avoided

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

such injury.  Plaintiff and members of the Class were unaware of the existence of the facts that Defendant suppressed and failed to disclose; and, Plaintiff and members of the Class would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

90.   Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct. Such injury includes, but is not limited to, the purchase price of the Products and/or the price of the Products at the prices at which they were offered.

91.   Given that Defendant's conduct violated § 1770(a), Plaintiff and members of the Class are entitled to seek and seek injunctive relief to put an end to Defendant's violations of the CLRA.

92.   Moreover, Defendant's conduct is malicious, fraudulent, and wanton in that Defendant intentionally misled and withheld material information from consumers to increase the sale of the Products.

93.   On June 18, 2020, pursuant to California Civil Code § 1782(a), Plaintiff on his own behalf, and on behalf of members of the Class, notified Defendant of the alleged violations of the Consumers Legal Remedies Act.

94.   Plaintiff respectfully requests that the Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2). In addition, Defendant should be compelled to provide restitution and damages to consumers who paid for Products that are not what they expected to receive due to Defendant's misrepresentations.

## COUNT IV

### Breach of Express Warranty

95.   Plaintiff re-alleges and incorporates by reference all of the allegations contained in the complaint, as though fully set forth herein.

96.   Plaintiff brings this claim individually and on behalf of the Class.

97.   By advertising and selling the Products at issue, Defendant made

promises and affirmations of fact on the Products' packaging and labeling, and through its marketing and advertising, as described herein. This labeling and advertising constitute express warranties and became part of the basis of the bargain between Plaintiff and members of the Class, and Defendant.

98.   Defendant purports, through the Products' labeling and advertising, to create express warranties that the Products are, among other things, "100% Natural."

99.   Despite Defendant's express warranties about the nature of the Products, the Products are not "100% Natural," and the Products are, therefore, not what Defendant represented them to be.

100. Accordingly, Defendant breached express warranties about the Products and their qualities because the Products do not conform to Defendant's affirmations and promises.

101. As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial.

## COUNT V

### Unjust Enrichment

102.  Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

103. Plaintiff brings this claim individually and on behalf of the Class.

104.  By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

105. Defendant had knowledge of such benefit.

106. Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1    Products.

2        107. Defendant's acceptance and retention of the benefit is inequitable and

3    unjust because the benefit was obtained by Defendant's fraudulent and misleading

4    representations and omissions.

5        108. Equity cannot in good conscience permit Defendant to be economically

6    enriched for such actions at the expense of Plaintiff and members of the Class, and

7    therefore restitution and/or disgorgement of such economic enrichment is required.

8                            **PRAYER FOR RELIEF**

9        109. WHEREFORE, Plaintiff, individually and on behalf of all others

10   similarly situated, pray for judgment against Defendant as follows:

12   a.  For an order declaring that Defendant's conduct violates the statutes and
         laws referenced herein;

14   b.  For an order requiring Defendant to immediately cease and desist from
15       selling the unlawful Products in violation of law; enjoining Defendant
         from continuing to market, advertise, distribute, and sell the Products in
16       the unlawful manner described herein; and ordering Defendant to engage
         in corrective action;

18   c.  For an order awarding, as appropriate, compensatory and monetary
19       damages, restitution or disgorgement to Plaintiff and the Class for all
         causes of action;

20   d.  For an order awarding attorneys' fees and costs;

21   e.  For an order awarding punitive damages;

22   f.  For an order awarding pre-and post-judgment interest; and

24   g.  For such other and further relief as the Court deems just and proper.

26                            **DEMAND FOR JURY TRIAL**

27       Plaintiff hereby demands trial by jury on all causes of action.

FIRST AMENDED CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Dated: August 27, 2020

Respectfully submitted,

**CLARKSON LAW FIRM**
By:

RYAN J. CLARKSON
SHIREEN M. CLARKSON
MATTHEW T. THERIAULT
LAUREN E. ANDERSON

Attorneys for Plaintiff

**MOON LAW APC**
By:

CHRISTOPHER D. MOON
KEVIN O. MOON

Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069